**FILED**
**CLERK**

4:39 pm, Sep 29, 2021

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

PRINCIPAL LIFE INSURANCE COMPANY,

                     Plaintiff,

        -against-

JASON P. BRAND,

                   Defendant.

-----------------------------------------------------------------X

**MEMORANDUM &**
**ORDER**
CV 15-CV-3804

**GARY R. BROWN, United States District Judge:**

At its core, the disputes at issue in this case appear relatively straightforward: defendant Brand obtained a disability policy in early 2012 from plaintiff Principal Life, after being - perhaps - less than forthcoming about his health history.  Then, "in June 2014—prior to the submission of Defendant's disability claim on November 14, 2014—the New York State Attorney General's office raided Defendant's offices, seizing his computers and physical files, leading to the indictment on October 16, 2014 of Defendant and his businesses, DASO Development Corp. and Narco Freedom, Inc., for insurance fraud in the first degree and grand larceny in the second degree," charges to which defendant would plead guilty.  DE 308 at 15.   Defendant filed a disability claim based upon, *inter alia*, anxiety; Principal Life, for its part, acted quickly and maybe precipitously, rescinding the policy and filing the instant action.

This litigation has been pending since.  The case, in which defendant was originally unrepresented, yielded an unconscionable level of overlitigation which added unneeded

complexity: more than six years of litigation, hundreds of court filings, and *approximately 75 orders issued by at least five different judicial officers.*

Amidst this chaos, Judge Wicks issued a cogent and thoughtful Report and Recommendation regarding summary judgment motions by both parties. DE 308. His findings and conclusions are straightforward and simple: the plain language of the policy prevented plaintiff from rescinding the policy in absence of a judicial determination of fraud. At the same time, he found that the claimed disability, indisputably emanating from defendant's criminal conduct, are expressly excluded from coverage. This decision, introducing clarity to the morass created by the litigants, should well end the case.

But the pandemonium continues: both parties object, on several far-flung grounds, to Judge Wicks' determination. Thus, the Court is required to review the R&R, recognizing that it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To the extent the parties made specific and timely objections, the Court must apply a *de novo* standard of review to the portions of the Report and Recommendation to which the objection is made. Fed. R. Civ. P. 72(b); *see LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010); *see also* 28 U.S.C. § 636(b)(1). However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Caldarola v. Town of Smithtown*, No. 09-cv-272, 2011 U.S. Dist. LEXIS 37280, at *1 (E.D.N.Y. Apr. 4, 2011) (citations omitted).

The Court, thoroughly familiar with this matter, has conducted a careful review of Judge Wicks' thoughtful and thorough R&R. The decision is certainly free from clear error. Nor do any of the issues raised via objection, viewed through the *de novo* lens, require alteration of the opinion.

*Plaintiff's Objection*

For reasons that remain mysterious,[1] though Judge Wicks' decision effectively relieves plaintiff of the obligation to pay the disability claim, plaintiff insists that it remains entitled to a determination that rescission was and/or is appropriate.

Plaintiff continues to argue that it had the right to rescind the policy upon its own authority without a judicial declaration of fraud. *See, e.g.,* DE 306 at 11.   That argument, for the reasons set forth in the R&R and based upon a plain reading of the policy language, is entirely unpersuasive.  Without doubt, as described in the R&R, plaintiff lacked authority to unilaterally rescind the policy in 2015, since more than two years had elapsed, and the policy specifically required a judicial declaration of fraud before rescission.  Plaintiff's arguments to the contrary are unavailing.

Counsel perseveres, however, insisting that as plaintiff was seeking a declaration in the context of this case that defendant obtained the policy by fraud, it remains entitled to – as repeated in its complaint – rescission *ab initio*.  However, that argument is rendered moot by Judge Wicks's determination that defendant is not entitled to coverage under the policy.  In other words, because Principal Life has been relieved of its obligation to pay the disputed claim, there remains no "substantial controversy" between the parties that would warrant a declaratory judgment.  *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians,* 94 F.3d 747, 752 (2d Cir. 1996) (For a court to have subject matter jurisdiction over a declaratory judgment action, there must be "'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy

---

[1] It is remarkable that plaintiff's counsel does nothing to defend or support the R&R, by which decision plaintiff effectively prevails.

and reality to warrant the issuance of a declaratory judgment.'") In fact, Judge Wicks' determination effectively secures the substance of the relief sought by plaintiff in this action. Further determination by this Court would constitute an advisory opinion.

*Defendant's Objections*

Defendant's principal objection emanates from a purported failure by plaintiff to raise the policy's Criminal Conduct Exclusion prior to summary judgment. First, the undisputed facts underlying this question are set forth in the initial complaint by plaintiff:

> In response to Question 11 of the Psychiatric Questionnaire which asked if there were any unusual circumstances that contributed to Brand's conditions, [plaintiff's psychiatric provider] responded "He is unable to work because of the accusations against him and all of his assets have been seized by the Attorney General's office."

DE 1 at 8. Defendants' arguments, predicated on summary judgment decisions disregarding claims (as distinct from arguments) not raised in a *complaint* are simply inapposite. Similarly, counsel's far-flung efforts to establish that defendant was not only involved in criminal activity, or odd distinctions between criminal enterprise and criminal occupation are unavailing given the breadth of the exclusion in question. *See* R&R at 14 (noting policy excludes injuries caused "in whole or in part . . . , contributed to by or result[ing] from . . . commission. . . or attempt to commit a felony").

**Conclusion**

Enough ink has been spilled, effort expended, and resources consumed in this case. For the reasons set forth above, the Court hereby adopts the R&R in its entirety. The Clerk shall enter judgment in favor of plaintiff consistent with this Order and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
       September 29, 2021

                                        /s/ Gary R. Brown
                                        GARY R. BROWN
                                        United States District Judge